JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Passthrough Certificates Series 2006-AR7,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NITA CHIDESTER, CYNTHIA CHIDESTER, STATE OF CALIFORNIA FRANCHISE TAX BOARD, ALL PERSONS UNKNOWN Claiming Any Legal or Equitable Right, Title, Estate, Lien of Interest in the Property Described in the Complaint, Adverse to Plaintiffs Title, or Any Cloud Upon Plaintiff, and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 8:24-cv-01559-JWH-JDE<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND [ECF No. 10]** |

This particular action commenced when Defendants Cynthia and Nita Chidester removed the case to this Court—for the second time—from Orange County Superior Court.[1] This Court previously remanded the action in the related case, No. 8:23-cv-02281-JWH-JDE, on account of Cynthia Chidester's failure to pay the filing fee in a timely manner after the Court denied her request to proceed *in forma pauperis*. *See Bank of New York Mellon v. Chidester*, 2024 WL 3498862 (C.D. Cal. May 7, 2024). The Court also denied the Chidesters' motion for reconsideration. *See Bank of New York Mellon v. Chidester*, 2024 WL 2498860 (C.D. Cal. June 14, 2024).

Presently before the Court is the motion of Plaintiff Bank of New York Mellon ("BONY") to remand the action for a second time.[2] BONY asserts, among other arguments, that removal was improper pursuant to the "forum defendant rule," since both Cynthia and Nita Chidester are citizens of California.[3] *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."). The Chidesters oppose BONY's motion, but only on the basis that diversity jurisdiction exists; the Chidesters do not dispute that they are citizens of California and that, therefore, pursuant to the "forum defendant rule," they could not properly remove the action.[4] And indeed, the Chidesters' address,

---

[1]  *See generally* Notice of Removal [ECF No. 1].
[2]  Pl.'s Mot to Remand (the "Motion") [ECF No. 10].
[3]  *See generally id.*
[4]  *See generally* Defs.' Opp'n to the Motion [ECF No. 16].

listed on the caption page of each of their filings, is in Huntington Beach, California.[5]

For those reasons, pursuant to 28 U.S.C. § 1441(b), this Court concludes that it lacks jurisdiction over this action and that remand is appropriate and necessary.

Accordingly, the Court hereby **ORDERS** as follows:

1. BONY's instant Motion to remand [ECF No. 10] is **GRANTED**.
2. This action is **REMANDED** to Orange County Superior Court.
3. The hearing set for September 20, 2024, is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 16, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[5] *See, e.g., id.* at 1.